UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-26045-RS

THE SMILEY COMPANY SPRL,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**DECLARATION OF RICHARD GUERRA IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS**

I, Richard Guerra, declare and state as follows:

1. I am over 18 years of age and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants (the "Motion for Alternate Service"). If called upon to do so, I could and would competently testify to the following facts set forth below.

2. I am counsel of record for Plaintiff, The Smiley Company SPRL ("Smiley" or "Plaintiff").

3. Plaintiff has yet to provide Defendants with notice of this action.

4. Plaintiff has created a serving notice website that will be appearing at the URL, https://www.dropbox.com/scl/fo/qzkc4bp9bguo7g1n0jfsk/AO1MbjMzw550szl92qeGyso?rlkey=5zowjvyv4o3lba6qxvv7m0ejm&st=yzymqbdl&dl=0 ("Plaintiff's Serving Notice Website") such

that anyone accessing the Plaintiff's Serving Notice Website will find copies of all documents filed in this action.

5. Defendants are further able to receive notice of this action by e-mail via the e-commerce marketplace platform that Defendants use to conduct their commercial transactions via the Seller IDs.

6. Plaintiff has created a publication website that will be appearing at https://www.dropbox.com/scl/fo/qzkc4bp9bguo7g1n0jfsk/AO1MbjMzw550szl92qeGyso?rlkey=5zowjvyv4o3lba6qxvv7m0ejm&st=yzymqbdl&dl=0, whereon copies of the Complaint and all other pleadings, documents, and orders issued in this action will be posted such that anyone accessing Plaintiff's Serving Notice Website will find copies of all documents filed in this action. The address to Plaintiff's Serving Notice Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and onsite contact forms and will be included upon service of process in this matter.

7. Each Defendant will receive notice of this action electronically by providing the address to Plaintiff's Serving Notice Website to their corresponding e-mail addresses or via the e-commerce marketplace platform Defendants use to conduct their commercial transactions via the Seller IDs. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

8. Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' counterfeit and infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment.

9. In most instances, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate (*e.g.*, eBay).

10. Few, however, if any Defendants purport to provide any type of a physical address to these third-party platforms much less a valid, accurate, and verifiable physical address.

11. Unlike an email address, which is typically verified by the third-party online platforms, no verification typically occurs for physical addresses.

12. Because an Internet store operator can often input any physical address, such addresses are usually false and/or are not where the Internet store operator is located.

13. Even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants.

14. Indeed, a January 2020 publication on counterfeiting by the Department of Homeland Security ("DHS") cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement."

15. Service on Defendants by e-mail and by posting on Plaintiff's Serving Notice Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation, each Defendant utilizes e-mail as its principal means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action.

16. Service by posting on Plaintiff's Serving Notice Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser.

17. Based upon the data provided in connection with Defendants' Internet based e-commerce stores and websites, including the shipping information and payment data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect that all Defendants are residing and/or operating outside of the United States and/or redistribute products from sources outside of the United States.

18. The United States and each foreign jurisdiction wherein the Defendants are suspected to reside are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude a U.S. district court from authorizing service of process via e-mail or posting on a designated website. Thus, there are no international agreements prohibiting service by e-mail or posting on a designated website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 22nd of December, 2025, at Miami, Florida.

*/Richard Guerra/*
Richard Guerra