UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-26045-RS

THE SMILEY COMPANY SPRL,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**[PROPOSED] SEALED ORDER GRANTING**
**MOTION FOR ALTERNATIVE SERVICE**

**THIS MATTER** comes before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). The Court has carefully considered the Motion, the record, and the applicable law.

The Plaintiff, The Smiley Company SPRL, seeks an order granting alternative service of process on the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified in Schedule "A" attached to the Complaint (collectively "Defendants"), all of which, upon information and belief, are residing and/or operating outside of the United States. The Plaintiff alleges that the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, the Plaintiff seeks to serve the Defendants by both e-mail and by website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") describes the various ways in which plaintiff may serve foreign entities and incorporates the service methods set forth

in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. *First*, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement. *Second*, the Defendants use at least one

known and valid form of electronic contact to conduct their Internet-based businesses, and the Plaintiff has created a website for the sole purpose of providing notice of this action to the Defendants, the address to which will be provided to the Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendants through e-mail and website posting.

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Plaintiff's Motion is **GRANTED**;

2. Pursuant to Rule 4(f)(3), the Plaintiff is permitted to serve the Summons, Complaint, and all filings in this matter upon each Defendant in this action:

a. via e-mail by providing the address to the Plaintiff's designated serving notice website to the Defendants via the e-mail accounts provided by that Defendant as part of the data related to its website or e-commerce store, including customer service e-mail addresses and onsite contact forms, or via the e-commerce marketplace platform for each of the e-commerce stores. *See* Schedule "A" attached to the Plaintiff's Complaint, which lists the Defendants' Seller IDs and associated e-commerce marketplace platform; and

b. via website posting by posting copies of the Summonses, Complaint, and all filings and discovery in this matter on the Plaintiff's Website appearing at the URL https://www.dropbox.com/scl/fo/qzkc4bp9bguo7g1n0jfsk/AO1MbjMzw550szl92qeGyso?rlkey=5zowjvyv4o3lba6qxvv7m0ejm&st=yzymqbdl&dl=0.

**DONE AND ORDERED** in ____________, Florida, this ___ day of _______________, 2025.

______________________________________
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Seal Clerk