UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-26045-RS

THE SMILEY COMPANY SPRL,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**[PROPOSED] ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion"). The Plaintiff, THE SMILEY COMPANY SPRL ("SMILEY"), moves for entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint (collectively "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court has carefully considered the Motion, the record, and the governing law. For the reasons stated below, the Plaintiff's Motion for a Preliminary Injunction is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff is the owner of the federally registered trademarks identified in Schedule B (the "SMILEY Marks") attached to the Declaration of Chrystelle Foulon, in Support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Foulon Decl."). [ECF No. 5-1] The SMILEY Marks are used in

connection with the design, marketing, and distribution of various high-quality goods and merchandise products and services in the categories identified on Schedule "B". *See* Foulon Decl. at ¶ 14.

The Defendants, through the various Internet based e-commerce stores operating under the seller identities and domain names identified on Schedule A to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what the Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of The SMILEY Marks. *See* Foulon Decl. at ¶¶ 15-18; Declaration of Richard Guerra in Support of Plaintiff's Motion for TRO ("Guerra Decl.") at ¶¶ 5-6. [ECF No. 5-2].

Although each of the Defendants may not copy and infringe each of the SMILEY Marks for each category of goods protected, the Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed at least one of the SMILEY Marks. *See* Exhibit 1 to Guerra Decl. The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the SMILEY Marks. *See* Foulon Decl. at ¶ 15.

The Plaintiff investigated the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded and protected products by the Defendants. *See* Foulon Decl. at ¶¶ 15-18. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing counterfeits of The SMILEY Marks at issue in this action, and requested each product to be shipped to an address in the Southern District of Florida. *See id.; see also* Guerra Decl. at ¶ 5. The Plaintiff conducted a review and visually inspected the branded items for which orders were

initiated by Plaintiff's third-party investigator via the Seller IDs and determined the products were nongenuine, unauthorized versions of the Plaintiff's products. *See id.*

## II. LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. CONCLUSIONS OF LAW

The declarations the Plaintiff submitted in support of its Motion support the following conclusions of law:

A. The Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits of the SMILEY Marks.

B. Because of the infringement of the SMILEY Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers before the Defendants can be heard in opposition unless the Plaintiff's request for *ex parte* relief is granted:

1. The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates; and

3. There is good cause to believe that if the Plaintiff proceed on notice to the Defendants of this Application for a Preliminary Injunction, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

C. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

E. Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the SMILEY Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of the Plaintiff's Proposed Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions, the Court hereby

**ORDERS AND ADJUDGES** that the Plaintiff's Motion for a Preliminary Injunction is **GRANTED**, under the terms set forth below:

(1) Each of the Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily restrained as follows:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the SMILEY Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the SMILEY Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the SMILEY Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants; and

c. From using any reproduction, counterfeit, copy, or colorable imitation of the SMILEY Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of the SMILEY Marks, or confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, eBay and its related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order: Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts and restrain any other financial accounts tied thereto. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the SMILEY Marks at issue in this action and/or unfairly competing with Plaintiff.

(7) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), and within **three (3) business days of this order**, the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**DONE AND ORDERED** in __________, Florida this ____ day of ____________, 2026 at __:__ AM/PM.

______________________________________
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Sealed clerk