**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-26045-SMITH**

The Smiley Company SPRL,

Plaintiff,

v.

The Individuals, Partnerships and
Unincorporated Associations
Identified on Schedule "A",

Defendants.

---

**OMNIBUS ORDER DENYING WITHOUT PREJUDICE PRELIMINARY INJUNCTION AND TO SHOW CAUSE RE JOINDER**

This cause came before the Court upon Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 5]. The Court previously granted Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order ("TRO") and set a hearing on Plaintiff's requested preliminary injunction. (DE 10 at 18.) On September 11, 2026, the Court dissolved the TRO after reviewing the record and finding that Plaintiff had failed to post a bond. (DE 26 at 1.) On September 16, 2026, the Court held a preliminary injunction hearing. As discussed below, Plaintiff has not established that Defendants are properly joined under Federal Rule of Civil Procedure 20(a)(2). Therefore, the issuance of a preliminary injunction is inappropriate at this time.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 20 permits multiple defendants to be joined in one action. Rule 20(a)(2) states that:

> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B) (emphasis added). Both requirements must be met for the permissive joinder of defendants. *See Johnson v. Zoll Med. Corp.*, No. 20-CV-00402, 2020 WL 7232879, at *4 (M.D. Ga. Dec. 8, 2020) ("Permissive joinder requires meeting the requirements of both Rule 20(a)(2)(A) and (B)."). Additionally, the issue of misjoinder may be raised at any time by a court *sua sponte*. *See* Fed. R. Civ. P. 21 ("On motion or **on its own, the court may at any time**, on just terms, **add or drop a party**. The court may also sever any claim against a party." (emphasis added)).

## II. DISCUSSION

Plaintiff, Smiley Company SPRL filed an action seeking damages and injunctive relief against the partnerships and unincorporated associations identified on Schedule "A" (collectively, "Defendants") for trademark counterfeiting and infringement and false designation of origin under the Lanham Act 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d); common law unfair competition; and common law trademark infringement. Plaintiff's Schedule "A" [DE 8] initially listed 82 Defendants, which also included links to each Defendant's online store. There are currently 50 Defendants remaining since 32 Defendants have been dismissed from this action. *See* (DE 23, 24, 39, 43, and 44). Courts in this District faced with infringement allegations have denied injunctive relief where plaintiffs have not sufficiently demonstrated that the defendants are properly joined. *See e.g., Hong Kong Leyuzhen Tech. Co. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified in Schedule "A"*, No. 25-cv-22032-CMA, (S.D. Fla. May 29, 2025), DE 19; *Hong Kong Leyuzhen Technology Co. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified in Schedule A*, No. 25-cv-21657-

KMW, (S.D. Fla. June 2, 2025), DE 28. In *Hong Kong*, Chief United States District Judge Cecilia M. Altonaga issued an Order, requiring plaintiff to "show cause why all Defendants — aside from the first named Defendant on Schedule A . . .— should not be severed and dismissed." No. 25-cv-22032-CMA, DE 19 at 4. Many of the allegations which Chief Judge Altonaga deemed insufficient to establish a proper basis for joinder are also alleged in the instant Complaint. For instance, Chief Judge Altonaga noted in her Show Cause Order that:

> Plaintiff provides allegations regarding the relationship between the Schedule A Defendants. **According to Plaintiff, "[the] [d]efendants' counterfeit sales operations utilize the same textile manufacturing sources, which provide identical, counterfeit fabrics and patterns employed in the authentic Rotita Brand products . . . and use the same distribution networks[.]**" (Compl. ¶ 20 (alterations added)). Further, Plaintiff states, [the] [d]efendants have all downloaded pictures of women's clothing tops from the Rotita website to promote their clothing and use common supply chains. (*See id.* ¶¶ 21, 26).
>
> Of course, a plaintiff's "broad, conclusory allegations of connectivity do not establish a sufficient connection between [d]efendants to permit joinder." *Omega, SA v. Individuals, Bus. Entities, and Unincorporated Ass'ns Identified on Schedule 'A'*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (alteration added; citation omitted). Nor does "**simply committing the same type of violation in the same way . . . link defendants together for the purposes of joinder."** *Id.* (alteration adopted; other alteration added; citation and quotation marks omitted).

*Id.* at 3-4 (emphasis added; some alterations in original).

The same or similar allegations are pled in Plaintiff's Complaint [DE 1].

> 35. As part of their overall infringement and counterfeiting scheme, **Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Smiley Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiff's famous Smiley Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive** to consumers searching for Plaintiff's related goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. **Defendants are causing individual, concurrent and indivisible harm to Plaintiff** and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Smiley Marks, and/or (iii)

> increasing Plaintiff's overall cost to market the Smiley Marks, and educate consumers about their brand via the Internet.
>
> 36. **Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers** and causing harm within this District and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

Additionally, at the September 16, 2026, preliminary injunction hearing, the Court asked counsel for Plaintiff to explain why Defendants in this case were properly joined. In response, counsel for Plaintiff informed the Court that Defendants are likely located in the same region, China, and are operating in the same manner by selling infringing products online. Counsel for Plaintiff did not set forth any specific allegations explaining how the 50 remaining Defendants were connected to one another.

Simply alleging that Defendants have violated Plaintiff's trademark in the same way is insufficient. *See, e.g., Tushbaby, Inc. v. Corps., Ltd. Liab. Cos., & Unincorporated Ass'ns Identified on Schedule A*, No. 24-CV-22281, 2024 WL 3741360, at *4 (S.D. Fla. Aug. 9, 2024) (severing Schedule A defendants and noting that "[p]arty joinder and severance should be applied similarly across cases when a [c]omplaint shows only that multiple defendants are 'committing the same type of violation in the same way,' and nothing more." (quoting A*F Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)); *XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24-CV-23549, 2025 WL 1133725, at *2 (S.D. Fla. Apr. 17, 2025) (severing claims against 76 defendants because "[w]hile there may be some common questions of law and fact as to the [d]efendants, the [c]omplaint does not allege how each [d]efendant's acts of infringement '[arose] out of the same transaction, occurrence, or series of transactions or occurrences' of any other [d]efendant.") (quoting Fed. R. Civ. P. 20(a)(2)(A)). A plaintiff's "broad, conclusory allegations of connectivity do not establish a sufficient connection between [d]efendants to permit joinder." *Omega, SA v. Individuals, Bus.*

*Entities, and Unincorporated Ass'ns Identified on Schedule 'A'*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (alteration added; citation omitted). Consequently, it is

**ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction [DE 5] is **DENIED without prejudice** to renew after the Court has ruled on the joinder issue.

2. On or before October 22, 2026, Plaintiff shall show cause why all Defendants, aside from the first named Defendant on Schedule "A", should not be severed and dismissed. In its memorandum, Plaintiff will explain why each of the 50 Defendants remaining in this action that are listed on Schedule "A" is properly joined. The memorandum must set forth a proper basis for joinder under Federal Rule of Civil Procedure 20 and address why joinder would promote judicial economy. The show cause memorandum will cite to pertinent legal authority. In lieu of a show cause memorandum, Plaintiff may also opt to voluntarily dismiss without prejudice from this action and file separate actions against all remaining Defendants, aside from the first named Defendant on Schedule "A".

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of September, 2026.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record